IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ASSOCIATED ELECTRIC
COOPERATIVE, INC., ET AL.                                                            PLAINTIFFS

V.                         CASE NO. 3:12CV00110-JMM

TOWN OF DELL, ET AL.                                                                  DEFENDANT

ORDER

Pending is the Plaintiffs' 28 U.S.C. § 1447(d) motion to remand their case back to the Mississippi County Circuit Court. For the reasons stated below, the motion is granted (#5).

In March of 2012, Plaintiffs filed a complaint in the Circuit Court of Mississippi County, Arkansas, seeking to prevent the enforcement of privilege taxes assessed by the Town of Dell ("Dell") based upon the authority granted to Dell by Arkansas Code Annotated § 26-77-102. On May 4, 2012, Defendants removed the complaint to federal court relying on federal question jurisdiction based upon 42 U.S.C. § 1983. Plaintiffs filed their Motion to Remand contending that this Court lacks jurisdiction over a complaint of discriminatory state taxation and that, even if jurisdiction existed, comity required remand.

Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the appropriate federal court. 28 U.S.C. §1441(a). *See* 28 U.S.C. § 1441(b); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). The party seeking removal has the burden to establish federal subject matter jurisdiction. *See Green v. Ameritrade, Inc.*, 279 F.3d 590, 596

1

(8th Cir.2002).   All doubts about federal jurisdiction must be resolved in favor of remand. *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

Plaintiffs' complaint alleges (1) unreasonable, excessive, and unlawful privilege taxes; (2) a violation of the "dormant Commerce Clause;" (3) an Equal Protection violation; (4) a violation of Arkansas Code Annotated § 26-77-102 based upon an unreasonable, excessive, and unlawful tax; and (5) an illegal exaction of taxes.   Plaintiff contends that its Equal Protection and dormant Commerce Clause claims establish federal question jurisdiction.

Assuming, without deciding, that Plaintiffs have stated a federal question based upon the Equal Protection and dormant Commerce Clauses, remand is appropriate based upon the doctrine of comity.   *See Levin v. Commerce Energy, Inc.,* 130 S.Ct. 2323 (2010).   Plaintiffs seek federal intervention into Mississippi County's tax scheme, where the county's policies which are based upon an Arkansas statute should be free from as much interference as possible*. See Levin*, 130 S.Ct. at 2330.  The state court is more familiar with Arkansas' tax laws and the intent of the Arkansas legislature.  As explained in *Levin*, even if a federal court adjudicated the merits of a plaintiff's state taxation claims, it could not order the relief necessary to remedy the plaintiff's harm.  *Levin,* 130 S.Ct. at 2335.  Because the federal court is prohibited from enjoining tax collection under state law and cannot reshape the relevant provisions of a state's tax code, the state court is better positioned to provide an adequate remedy if it finds that the state's taxation scheme is unconstitutional.   *Id.*

Defendants' attempt to expand this Court's jurisdiction by waving any jurisdictional bars fails.  *See Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009) (noting that parties cannot waive or consent to subject-matter jurisdiction).

The Motion to Remand is granted (#5) and the Clerk of the Court is directed to close the case and make the appropriate entries to remand Case No. 3:12CV00110 JMM back to Mississippi County Circuit Court, forthwith.

IT IS SO ORDERED this  9   day of July, 2012.

*James M. Moody*
James M. Moody
United States District Judge